FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUL 31 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In the Matter of THE PETITION OF KEVIN GREEN, on behalf of his son, decedent, Sgt. LASHAWN DONNELL EVANS To Preserve Evidence in Aid of Anticipated Litigation Pursuant to Rule 27 of the Federal Rules of Civil Procedure.
-----------------------------------------------------------------X

VERIFIED PETITION

MISC. 12 0507
BRODIE, J.

### Petition to Preserve Evidence Before Action Brought

The petition of Kevin Green shows to this court:

1. Petitioner is a citizen of the state of New York and resides at 1603 Prospect Place, Apartment 4C, Brooklyn, NY 11233, in that state.

2. Sprint Nextel Corp. is a citizen of the state of Kansas headquartered in 6200 Sprint Parkway, Overland Park, KS 66251, in that state.

3. AT&T, Inc. s a citizen of the state of Texas headquartered in 208 South Akard Street Dallas, TX 75202-4206 in that state.

4. T-Mobile USA, Inc. is a citizen of the state of Washington headquartered in 12920 SE 38th Street, Bellevue, WA 98006 in that state.

5. Petitioner intends to commence an action in this court against Florinda C. Evans aka Cierra Evans, SPEC-4Perry-Evans, US Army Signal Center, Ft. Gordon, GA 30995, among others, upon a cause of action arising out of the controversy set forth below between petitioner and Florinda C. Evans as to a wrongful death action.

6. Petitioner is unable to commence the action at this time as a Notice of Claim has not been filed and permission, therefore, has not yet been granted. Additionally, the investigation by CID of the U.S. Army into the suspicious death of Sgt. Evans is still on-going seventeen months after his demise. The findings in this investigation are imperative in order to properly file suit.

7. The following additional obstacles prevent the immediate commencement of this action, namely: There is evidence of cell phone records (voice and data) and cell tower locations for cell phone calls and texts placed by Florinda C. Evans from Taji, Iraq to the United States on or about January 1, 2011 to September 1, 2011 concerning the death of her husband, Sgt, LaShawn Donnell Evans. This evidence is instrumental to the investigation of the circumstances which may give rise to a cause of action. The evidence is electronically stored by cell phone carriers Sprint Nextel Corp., AT&T, Inc., and T-Mobile USA, Inc. are systematically destroyed after two years from the placement of the original call(s) and is only months away from being destroyed. Sprint Nextel Corp., AT&T, Inc., and T-Mobile USA, Inc. refuse to release cell phone records to third parties without a court order(s).

8. The nature of the controversy which is expected to be the subject of the action is wrongful death. The interest of Petitioner in the subject matter of the action is one of a concerned father, as his son was Sgt. LaShawn Evans, deceased.

9. The facts which Petitioner desires to establish by the proposed evidence to be perpetuated are: that Florinda C. Evans called and texted from Iraq to the United States on or about January 1, 2011 to September 1, 2011 to report to interested parties about the death of Sgt. LaShawn Evans. I am informed and believe that the cell phone records will indicate some calls made were initiated minutes *after* the actual time of death of Sgt. LaShawn Evans. The cell phone tower locations will indicate Florinda C.

Evans made these calls while being stationed with her husband, the late Sgt. LaShawn Evans in Taji, Iraq. After many months of a CID investigation into the death of Sgt. LaShawn Evans, the U.S. Army still has not issued a final finding. Although Sgt. LaShawn Evans's initial death certificate indicated the cause of death was suicide, however, the U.S. Dept. of The Army Report of Casualty dated six months later identifies the circumstances as a homicide. The evidence of the cell phone records and cell tower locations are necessary for a wrongful death suit to be properly initiated and adjudicated.

10. The reasons that Petitioner desires to perpetuate this evidence are that: Sprint Nextel Corp., AT&T Inc., and T-Mobile USA, Inc. have corporate policies to destroy electronic cell tower information pertaining to cell phone calls and texts two years after the original date calls are initiated; Sixteen months have elapsed since the initiation of the pertinent cell phone calls and texts in question; and due to the imperative nature of the evidence, the Petitioner would be greatly prejudiced if additional delays prevent him from obtaining the information prior to their destruction. Petitioner fears the evidence of the cell phone tower information may be lost if not subpoenaed in an expedited fashion before the case can be adjudicated in court.

11. The names and residences of all persons whom it is expected will be adverse parties in the action, are as follows:

Florinda C. Evans
SPEC-4Perry-Evans
US Army Signal Center
Ft. Gordon, GA 30995
and

Vivian Perry

5930 Shesenee Drive

Columbia, South Carolina 29223

and others

12. The names and addresses of the persons/corporations to be subpoenaed:

Sprint Nextel Corp.

6200 Sprint Parkway

Overland Park, KS  66251
and

AT&T, Inc.

208 South Akard Street

Dallas, TX 75202-4206

and

T-Mobile USA, Inc.

12920 SE 38th St.

Bellevue, WA 98006

13. The substance of the evidence which petitioner expects to subpoena from Sprint Nextel Corp., AT&T Inc., and T-Mobile USA, Inc. are as follows:  January 1, 2011 to September 1, 2011 cell phone calls/texts and cell tower location information initiated from Taji, Iraq to the United States or vice – versa by the following cell phones:

Sgt. LaShawn Evans – (803) 369-3707 - Carrier: Sprint Nextel Corp.

Florinda C. Evans –    (803) 586-3408 - Carrier: AT&T, Inc..

Vivian Perry – (803)-404-4870 - Carrier: T-Mobile USA, Inc

14. Because the facts about which Sprint Nextel Corp., AT&T Inc., and T-Mobile USA, Inc. can provide cannot be immediately investigated in a court, Petitioner is in great danger of losing the evidence unless it can be perpetuated.

**For these reasons**, Petitioner respectfully request that this court issue an order authorizing Kevin Green through his attorney to preserve evidence and order subpoenas calling for the production of documents from Sprint, AT&T, and T-Mobile regarding data concerning the vital January 1, 2011 to September 1, 2011 cell phone and text records with cell tower locations for the cell phone numbers listed above in #13 for all phone calls and texts, including but not limited to, those placed from Taji, Iraq to the United States or vice-versa. Alternatively, Petitioner requests the court order that depositions of the persons most knowledgeable from Sprint, AT&T, and T-Mobile to be subpoenaed for testimony and to provide the relevant data requested in the subpoenas.

Respectively submitted,

DATED: July 30, 2012        LAW OFFICE OF JEFFREY S. SCHWARTZ LLC

JEFFREY S. SCHWARTZ
Attorneys for Petitioner
410 E. Jericho Turnpike
Mineola, NY 11501
(516) 938-3888
jeff@jeffreyschwartzlaw.com
Bar Number: js5424

## VERIFICATION

STATE OF NEW YORK

COUNTY OF NASSAU

KEVIN GREEN , being duly sworn, deposes and says that deponent is the PETITIONER in the within action; that deponent has read the foregoing VERIFIED PETITION and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes them to be true.

_____
KEVIN GREEN

Sworn to before me this

30th day of July , 2012

_____
Notary Public

JEFFREY S. SCHWARTZ
Notary Public, State of New York
No. 02SC6105435
Qualified in Nassau County
Commission Expires February 8, 2016