FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   JUL 3 1 2012   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In the Matter of THE PETITION OF KEVIN GREEN, on behalf of his son, decedent, Sgt. LASHAWN DONNELL EVANS To Preserve Evidence in Aid of Anticipated Litigation Pursuant to Rule 27 of the Federal Rules of Civil Procedure

MEMORANDUM OF LAW
IN SUPPORT OF
VERIFIED PETITION

MISC. cv-12-0507
BRODIE, J.

------------------------------------------------------------------X

## STATEMENT OF THE CASE

Petitioner, KEVIN GREEN (hereinafter "Green"), on behalf of his son, decedent, Sgt. LASHAWN DONNELL EVANS, (hereinafter "Sgt. Evans"), by his attorneys, the Law Office of Jeffrey S. Schwartz, LLC, submits this Memorandum of Law in Support of Verified Petition for an order pursuant to Rule 27 of the Federal Rules of Civil Procedure to obtain documents, or alternatively, take depositions of respective corporate officer(s) from cell phone carriers Sprint Nextel Corp. (hereinafter "Sprint"), AT&T Inc. (hereinafter "AT&T"), and T-Mobile USA Inc. (hereinafter "T-Mobile") who are familiar with vital cell phone records, texts and cell tower locations, all arising from the three cell phone numbers listed below, before and after the death of Sgt. Evans in February of 2011 when Sgt. Evans was stationed in Taji, Iraq serving in the U.S. Army.

This is necessary to preserve evidence for intended use in a potential wrongful death lawsuit against the United States and others. The evidence concerns phone calls, texts, and cell tower locations for data made and received from three phone numbers: 803-369-3707 (Sgt. Evans, decedent); Sprint cell phone number

803-586-3408 (Florinda C. Evans, decedent's wife); AT&T cell phone number

803-404-4870 (Vivian Perry, decedent's mother-in law); T-Mobile cell phone number during January 1, 2011 through September 1, 2011.

The facts of this matter are set forth in Green's Verified Petition dated July ___, 2012.

## JURISDICTION

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332. Green is a resident of New York. Florinda C. Evans is a resident of South Carolina. Vivian Perry is a resident of South Carolina. The amount in controversy in the anticipated civil action will exceed $75,000, exclusive of interest and costs. Furthermore, under 28 U.S.C. §1346, the United States is a potential defendant in this action.

## VENUE

Venue is proper in this District pursuant to 28 U.S.C. § 1391(e) (1) (C), potential defendants were employed by the United States of America at the time of Sgt. Evans demise, no real property is at issue, and Green resides in this district. Furthermore each company for which records are requested does business in this district.

## SUBJECT MATTER

The proceeding is related to stored electronic communications and transactional records access, and grounded in Federal Rule of Civil Procedure Rule 27 (hereinafter "Rule 27") and FRCP Rule 34, authorizing disclosure to perpetuate testimony in anticipation of commencement of a federal action.

## **PETITIONER IS ENTITLED TO AN ORDER DIRECTING SUBPOENAS FOR PRODUCTION OF DOCUMENTS UNDER RULE 27 AND RULE 34**

A Federal Court may grant a Rule 27 petition "if it satisfied that a failure or delay of justice may thereby be prevented." *Mosseller v. United States*, 158 F.2d 380, 382 (2d. Cir. 1946). The evidence here to be preserved and perpetuated is stored on electronic networks administered by Sprint, AT&T, and T-Mobile. Sprint, AT&T, and T-Mobile will not release cellular telephone records or texts or pertinent cell tower locations to a third-party without a court order. Sprint, AT&T, and T-Mobile adhere to a common practice of deleting electronic cell phone and data records as well as records that indicate cell tower site locations within two years after transmission.

A similar corporate procedure of deleting electronic records, but concerning IP addresses within 90 days of e-mail transmissions, occurred before this court in a matter where Cablevision was forced to produce specific e-mail IP addresses to the plaintiff prior to the filing of an action in E.D.N.Y. pursuant to Rule 27. *General Board of Global Ministries of The United Methodist Church v. Cablevision Lightpath*, 2006 WL 3479332, at *5.

In similar fashion, here, cell phone records and texts with cell tower locations are in imminent danger of being deleted due to standard corporate policies utilized by cell phone carriers. Prior to having the ability to properly commence an action, it follows that a petition to subpoena vital records in jeopardy of being destroyed should, therefore, be granted. To further illustrate the point, in *Martin v. Reynolds Metal Corp.*, 297 F.2d 49, 55-56 (9th Cir. 1961) the court held, "In our opinion, a party may, in a proper case, proceed under Rule 27 for an order under Rule 34 without having taking a deposition at all, and we think that this is such a case." Rule 27(a)(3) states "The Deposition may be

taken in accordance with these rules; and the court may make orders of the character provided for by Rules 34 and 35." *FRCP* 27(a)(3).

"[T]he showing required by Rule 27 must first be made before Rule 34 comes into play. But once that showing is made, then the rule of liberal construction should apply." *Martin*, 297 *supra* at 56. Rule 27 states the following elements are to be met in order to properly petition:

> **a) Before an Action Is Filed.**
> **(1)** *Petition.* A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:
> **(A)** that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
> **(B)** the subject matter of the expected action and the petitioner's interest;
> **(C)** the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
> **(D)** the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
> **(E)** The name, address, and expected substance of the testimony of each deponent.

Petitioner has complied with the showing required by Rule 27. A Verified Petition has been filed concurrently with this Memorandum of Law, requesting an order to authorize the Petitioner to depose corporate officers of named cell phone carrier corporations to perpetuate their testimony and produce pertinent cell phone records, or alternatively, to preserve evidence by ordering subpoenas calling for the production of documents concerning the same vital cell phone records with

4

cell tower locations, and lastly, the Verified Petition is titled in the Petitioner's name showing:

(A) the Petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought due to an ongoing investigation by the CID of the U.S. Army concerning the demise of the Petitioner's son;

(B) the subject matter is a potential wrongful death lawsuit involving the suspicious demise of the Petitioner's son;

(C) the facts which the Petitioner wants to establish involve cellular phone communications between the decedent's wife with other parties, before and after Petitioner's son suspicious death, as well as the cell tower locations of such communications, primarily due to an ongoing CID investigation indicating the Petitioner's son death as a homicide;

(D) persons whom the Petitioner expects to be adverse parties with their respective addresses including: Florinda C. Evans, of SPEC-4Perry-Evans, US Army Signal Center, Ft. Gordon, GA 30995 the Petitioner's late son's wife;

(E) the names and addresses of cell phone carriers Sprint, AT&T, and T-Mobile to perpetuate evidence concerning cell phone calls/text and cell tower information for three specified cell phones for a period between January 1, 2011 until September 1, 2011 necessary for an intended filing of a wrongful death lawsuit involving the Petitioner's son's suspicious death on February 15, 2011 in Taji, Iraq.

The elements required by Rule 27 have been met, therefore, accordingly, Rule 34 should be allowed to come into play. Documentation containing the crucial cellular phone records and texts with cell tower locations be should allowed to be subpoenaed alone, to suffice in this instant matter. As it will not only save the added expense of a deposition(s), but also because Rule 27 has been declared to be entitled to a "liberal construction." *Petition of Ingersoll-Rand Co.*, 35 F.R.D. 568, 568 (S.D.N.Y. 1964). This also comports with the United States federal courts that have ordered in their discretion grants of discovery pursuant to Rule 27. *In Re Campania Chilena De Navegacion*, 2004 WL 1084243, at *3.

If necessary, and at the court's determination, corporate representatives of Sprint, AT&T, and T-Mobile, can be ordered to provide testimony and during scheduled depositions provide the cell phone calls and texts with the cell phone tower locations requested to be in further compliance with Rule 27. However, the Petitioner suggests that this would be an unnecessary and unduly expensive alternative. Petitioner solely seeks the documents which would be produced at each respective deposition with an affidavit from the custodian of records.

In *Ash v. Cort*, 512 F.2d 909, 911 (3d. Cir. 1975), the Third Circuit Court of Appeals stated that "Rule 27 properly applies only in that special category of cases where it is necessary to prevent testimony from being lost." Rule 27 "is available in special circumstances to preserve testimony which could otherwise be lost." *Id.* at 912. This action concerns a wrongful death of a soldier stationed in Iraq. The decedent's wife, a soldier in Iraq at the time, placed cell phone calls and texts in regards to the circumstances surrounding the mysterious death of her husband, the late Sgt. Shawn

Evans (the U.S. Army CID is still investigating seventeen months post-death). One such cell phone call was believed to occur minutes *after* the actual time of death indicated on the decedent's death certificate. Further, during the on-going investigation by the U.S. Army, the decedent's death was changed to indicate the death was a homicide not a suicide (See Exhibit A). In light of these circumstances, focus has become the pertinent cell phone records and texts indicating cell site information, which will be destroyed without court intervention.

Petitioner is limiting his request to a period of forty-five (45) days before decedent's death and six (6) months post-death or January 1, 2011 through September 1, 2011. It is believed these records will sufficiently narrow the scope of the data requested.

In *Penn Mutual Life Ins. Co. v. United States,* 68 F.3d 1371, 1375 (DC Cir. 1995), the D.C. Circuit Court of Appeals stated that Rule 27 requires "that a petitioner demonstrate an immediate need to perpetuate testimony." The urgency of preserving evidence in this request is compelling for the grieving father of Sgt. Evans, because soon the evidence in question will be destroyed. It is generally recognized that Rule 27 should not be used to determine whether a cause of action exists, "but only to preserve evidence that might otherwise be lost." *In re Chary,* No. M-23, 1994 WL 177783, at *1 (S.D.N.Y. May 6, 1994). This petition strongly complies with Rule 27 discovery, which is limited to those situations where a claim already exists, but for some reason cannot yet be brought (the pending investigation), and it is important that the evidence be preserved before it is lost forever.

In these circumstances, it is understood a court of equity must balance the need to discourage the use of Rule 27 as a means of obtaining discovery to see if a cause of

action exists and the need to preserve evidence that may be highly relevant should an action be commenced. As noted above, the cell phone carriers are in possession of the sources of important information concerning cell phone calls, texts, and cell phone tower locations from the year 2011 made from, but not limited to, Iraq to the United States and vice-versa concerning the suspicious death of Sgt. Evans. Should any of the mentioned cell phone carriers lose or destroy the evidence prior to any litigation, the Petitioner could be severely prejudiced. In such circumstances, as in the case at bar, a court of equity should use its power to insure that the evidence is preserved. *In re Ingersoll-Rand Co.*, 35 *supra* at 568.

In this matter, the pressing reason to invoke Rule 27 is due to the practice of cell phone carriers to delete from their systems, within a limited period, the records of transactions that are relevant here. "It is not necessary to show the existence of particular circumstances surrounding the condition of evidence that present an imminent danger of the loss of evidence [but instead] showing 'the danger of loss attendant upon all evidence through lapse of time' will generally suffice." *In re Petition of Alpha Industries, Inc.*, 159 F.R.D. 456, 457 (S.D.N.Y. 1995) (quoting 4 Moore's Federal Practice 27-32).

Cell phone carriers routinely destroy cell phone records with corresponding cell phone tower information after two years of a call or text being initiated. Sgt. Evans' death was over seventeen months ago. The evidence sought will be eradicated shortly and time is of the essence. Therefore, the petition granting the Petitioner the ability to obtain the vital cell phone records and texts with cell phone tower locations should be granted.

## CONCLUSION

For the foregoing reasons, the Petitioner respectfully request the court to grant its petition to preserve evidence and order subpoenas calling for the production of documents from Sprint, AT&T, and T-Mobile regarding data concerning the vital 2011 cell phone and text records with cell tower locations listed above. Alternatively, Petitioner requests the court order that depositions of the persons most knowledgeable from Sprint, AT&T, and T-Mobile to be subpoenaed for testimony and to provide the relevant data requested in the subpoenas.

Respectively submitted,

DATED: July 30, 2012         LAW OFFICE OF JEFFREY S. SCHWARTZ LLC

By: _____

JEFFREY S. SCHWARTZ
410 E. Jericho Turnpike
Mineola, NY 11501
(516) 938-3888
Attorneys for Petitioner